UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUISE HELEN GOODROW,

    Plaintiff,

v.                                            Case No: 2:13-cv-672-FtM-CM

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Louise Helen Goodrow, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.     Issues on Appeal

There are three inter-related issues on appeal: (1) whether the ALJ's residual functional capacity ("RFC") assessment erroneously failed to account for Plaintiff's manipulative and mental limitations; (2) whether the hypothetical question posed to the vocational expert ("VE") erroneously failed to account for such manipulative and mental limitations; and (3) whether substantial evidence supports the ALJ's finding at step four that she could perform her past relevant work as a hair stylist.

## II.     Procedural History and Summary of the ALJ's Decision

On May 18, 2010, Plaintiff protectively filed an application for a period of disability and DIB alleging she became disabled and unable to work on November 24, 2009. Tr. 80, 147-48. The Social Security Administration ("SSA") denied her claim initially on August 19, 2010 and upon reconsideration on December 17, 2010. Tr. 84-86, 88-89. Plaintiff then requested and received a hearing before an ALJ on December 12, 2011, during which she was represented by an attorney. Tr. 28-49, 90-91. Plaintiff and VE William Weikel testified at the hearing. Tr. 28-49.

On March 2, 2012, the ALJ issued a decision, finding Plaintiff not disabled and denying her claim. Tr. 12-22. The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014. Tr. 14. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 24, 2009, the alleged onset date. *Id.* At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease and osteoarthritis. *Id.* The ALJ also found that Plaintiff's carpal tunnel syndrome, depression and anxiety were non-severe impairments. Tr. 15-17. At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."[1] Tr. 17. In doing

---

[1] Appendix 1 is the listing of impairments ("Listing") that "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 405.1525(a).

so, he explicitly considered whether the medical evidence satisfied the criteria of Listing 1.04 (disorders of the spine), and concluded that it did not. Tr. 17; 20 C.F.R. pt. 404, subpt. P, app. 1.

Taking into account the effects from all of Plaintiff's impairments – both severe and non-severe – the ALJ then determined that Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b),[2] with some additional limitations. Tr. 17. Although the ALJ found that Plaintiff was able to frequently balance and climb ramps and stairs and could occasionally stoop, he further held that she could never kneel, crouch, crawl, or climb ladders, ropes or scaffolds; and she must avoid concentrated exposure to hazardous machinery and heights. *Id.*

The ALJ also found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment." Tr. 18. With respect to the severity of symptoms alleged by the Plaintiff, the ALJ concluded:

---

[2] The regulations define "light work" as follows:

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. . . .

20 C.F.R. § 404.1567(b).

> The undersigned finds that the evidence contained in the record does not support the claimant's allegations of symptoms so severe as to preclude performance of any work since the alleged onset date. Therefore, the undersigned finds that claimant's subjective complaints and alleged limitations are not persuasive and the claimant retains the ability, despite her impairment, to perform work activities with the limitations set for[th] above. . . .

Tr. 21. Taking into consideration his RFC determination, the physical and mental demands of Plaintiff's past relevant work and the VE's testimony and opinion, the ALJ found that Plaintiff could perform her past relevant work as a hair stylist, which is classified as light work under the Dictionary of Occupational Titles ("DOT"). Tr. 21; DOT 332.271-018.

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, which was denied on August 8, 2013. Tr. 1, 5-8. Accordingly, the ALJ's March 2, 2012 decision is the final decision of the Commissioner. On September 19, 2013, Plaintiff timely filed her Complaint with this Court under 42 U.S.C. §§ 405(g), 1383(c)(3). Doc. 1.

### III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520.

The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The

district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### IV. Discussion

On appeal, Plaintiff first argues that in determining Plaintiff's RFC, the ALJ failed to properly consider Plaintiff's non-severe impairments – namely, her carpal tunnel syndrome and her depressive disorder. The two remaining issues – whether the ALJ should have included such limitations in the hypothetical posed to the VE and whether substantial evidence supported the finding that Plaintiff could perform her past relevant work as a hair stylist – each stem from the ALJ's RFC finding. If the Court finds the ALJ's RFC finding is supported by substantial evidence, then substantial evidence supports the remaining findings of the ALJ.

#### A. *Residual functional capacity assessment*

Plaintiff's first point of contention relates to the ALJ's RFC finding. Specifically, Plaintiff argues that the ALJ improperly omitted her non-severe impairments, carpal tunnel syndrome and major depressive disorder, in his assessment of Plaintiff's RFC. Doc. 16 at 16-19. Plaintiff acknowledges that the ALJ found that these were medically determinable impairments, but contends that the ALJ failed to address how they would affect her ability to perform, in the case of her carpal tunnel syndrome, manipulative work-related activities, and in the case of her depressive disorder, work-related mental activities. Doc. 16 at 18-19. The

Commissioner responds that the medical record, together with Plaintiff's self-reports of her activities, provides substantial evidence to support the ALJ's RFC finding. Doc. 18 at 5. The Court agrees with the Commissioner.

When an impairment does not meet or equal a listed impairment at step three, as in this case, the ALJ will proceed to step four to assess and make a finding regarding the claimant's RFC based upon all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1520(e). Here, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1," specifically Listing 1.04 (disorders of the spine). Tr. 17. The ALJ then proceeded to assess and make a finding regarding the claimant's RFC. *See* Tr. 17-21. The RFC is the most that a claimant can do despite her limitations. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence and medical source statements. *Id.* At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546(c). The determination of RFC is within the authority of the ALJ; and the claimant's age, education and work experience are considered in determining the claimant's RFC and the claimant's ability to return to past relevant work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite

impairments.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).  Provided the ALJ considers all of the evidence, he is not required to specifically and explicitly set forth his findings on a "function-by-function basis" concerning a claimant's functional limitations and work-related abilities.  *Freeman v. Barnhart*, 220 F. App'x 957, 959-60 (11th Cir. 2007).

In his decision, the ALJ found that Plaintiff retained the ability to perform light work, with specific limitations.  Tr. 17.  In doing so, he noted he considered the "entire record" (Tr. 17), including Plaintiff's manipulative and mental limitations.  With respect to her carpal tunnel syndrome, the ALJ discussed a November 2010 consultative examination performed by Eshan M. Kibria, D.O., who is board certified in neurology, in which Plaintiff had full motor strength with hand grips.  Tr. 18.  The ALJ further summarized:

> [Plaintiff's] gross and fine finger dexterity was normal, and she could hold a cup in both hands, hold a pencil in both hands, could button and unbutton, and open a door.

Tr. 15, 18, 463.  In reviewing Plaintiff's records in late November 2010, consultative physician Audrey Goodpasture, M.D., took note of Dr. Kibria's findings and reported that there were no manipulative limitations.  Tr. 469, 470.  Dr. Goodpasture further observed that Plaintiff fulfills her daily home responsibilities and in December 2009 reported to one of her treating physicians, Scott Jaffe, M.D.,[3] that recently she had driven from Maine to Florida and moved two bedrooms of furniture from her home into storage, and that she enjoys kayaking, waterskiing and quilting.  Tr. 468-69.

---

[3] *See* Tr. 406.

The ALJ accorded Dr. Goodpasture's opinion significant weight, finding it was supported by and consistent with the record. Tr. 21. Indeed, Plaintiff's treating physicians, Dr. Jaffe and Jonathan Daitch, M.D., each concluded in March and April 2011, respectively, that Plaintiff was able to use her hands for repetitive simple grasping. Tr. 520, 526. Dr. Daitch further determined that she also could use her hands for fine manipulation. Tr. 526. The ALJ also described the results of a nerve conduction study done in April 2011, which revealed only "mild" carpal tunnel syndrome in Plaintiff's right hand and otherwise "normal functioning." Tr. 15, 524. Finally, he observed that the record revealed no treatment specifically for carpal tunnel syndrome. Tr. 15.

Concerning Plaintiff's "medically determinable" mental impairment of major depressive disorder, the ALJ found it did not cause more than "minimal limitation in the claimant's ability to perform basic mental work activities" and thus determined it to be non-severe. Tr. 15. He noted that although Plaintiff had been prescribed Fluoxetine, the generic drug of Prozac, there were no medical records that she received therapy or had any related hospitalizations. *Id.* He explained that the only mental evaluations in evidence were from consultative evaluations.[4] One was conducted in November 2010 by psychologist Rebecca Ferrer, in which Plaintiff was diagnosed with major depressive disorder. *See* Tr. 476-80. The ALJ discussed this

---

[4] The ALJ discussed Plaintiff's claim that her family practitioner, Donna Conklin, M.D., had examined her and determined she has obsessive compulsive disorder ("OCD"), but upon reviewing the medical records noted that the diagnosis was self-reported by Plaintiff and Dr. Conklin had not independently diagnosed nor treated the impairment. Tr. 15-16; 535-36.

evaluation at length, and found no support in the medical records for Plaintiff's self-reported allegations that she had been hospitalized for psychiatric reasons in 2008 or that she had received outpatient individual therapy, further noting that these claimed events would have occurred prior to the alleged onset date of November 2009. Tr. 16. Although Dr. Ferrer recommended that Plaintiff obtain individual therapy, Plaintiff did not pursue same. The ALJ observed that Dr. Ferrer reported that Plaintiff's speech was fluent and clear, although pressured and rapid; she was oriented, except that her attention and concentration seemed to be moderately impaired due to her medications; and her cognitive functioning appeared to be in the average range. *Id.* He opined that Dr. Ferrer's assignment of a Global Assessment Functioning ("GAF")[5] of 47 appeared to be "based on the claimant's self-reported symptoms that are not supported by the medical record." *Id.* The ALJ gave little weight to Dr. Ferrer's opinion concerning Plaintiff's response to stress and her alleged panic attacks finding they were not supported in the record, and there was no evidence that Plaintiff sought emergency or other treatment for her claimed impairments. *Id.*

In finding that Plaintiff's mental impairments were not severe, the ALJ considered the four broad functional areas for evaluating mental disorders – the so-called "paragraph B" criteria – and section 12.00C of the Listings. *See* Tr. 16-17. In the first area of daily living, the ALJ found that Plaintiff has no limitation. Tr. 16.

---

[5] GAF score (50-41): Serious symptoms or any serious impairment in social, occupational, or school functioning.

She cares for pets, shops, prepares food and is independent with her own personal care. She drove from Florida to Maine in June 2010, and around that same time she reported she had been planting palm trees. *Id.*; Tr. 409, 430. In the area of social functioning, the ALJ likewise found Plaintiff has no limitation. Tr. 16. He noted that she lives with her husband of 17 years and spends winters in Florida and summers in Maine (and, as previously noted, drives between the two locales). She visits family and friends and attends church. *Id.* Her speech was reported to be fluent and clear, and she was cooperative during her exams. In the third functional area – concentration, persistence or pace – the ALJ determined Plaintiff has mild limitation. Tr. 16-17. Her cognitive functioning was in the average range, she could manage her own funds and do simple calculations. She obtained a high school degree and had managed to complete a post-secondary cosmetology program. *Id.*; Tr. 478-79. In the final functional area, the ALJ found that Plaintiff had experienced no episodes of decompensation of extended duration. Tr. 17. Although not discussed at length by the ALJ in addressing Plaintiff's functional limitations, his findings are consistent with those contained in a psychiatric review technique evaluation conducted by Disability Determination Services consultant J. Patrick Peterson, Ph.D., J.D., in December 2010. *See* Tr. 499.

Based on the foregoing, the Court finds that Plaintiff's claim that the ALJ did not consider her non-severe impairments simply is without merit. As to her manipulative impairments, the ALJ may consider a claimant's daily activities when determining the RFC. *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987); 20

C.F.R. § 404.1545(a). Consequently, Plaintiff's self-reported activities, such as moving furniture, long distance driving and tree planting, properly were considered by the ALJ. Likewise, the record supports the significant weight he accorded to consultative physician Dr. Audrey Goodpasture, who opined that Plaintiff had no manipulative limitations. Pursuant to the regulations, state agency medical consultants such as Dr. Goodpasture are highly qualified physicians, expert in Social Security disability evaluations. Their opinions must be considered by the ALJ as opinion evidence, as occurred here. *See* 20 C.F.R. § 404.1527(e)(2)(i).

Concerning her mental impairments, the ALJ properly gave little weight to Dr. Ferrer's GAF score and other conclusions that were inconsistent with the record as a whole and which only bases appeared to be Plaintiff's self-reported symptoms. The regulations provide that when evaluating opinion evidence, more weight is given an opinion that consistent with the record as a whole. *See* 20 C.F.R. § 404.1527(c)(4). Furthermore, the Commissioner has stated that the GAF scale, which only is a "snapshot opinion" of a person's functioning level, does not directly correlate to the severity requirements in the mental disorder listings. *See* 65 Fed. Reg. at 50764-65. Consequently, there is substantial evidence that the ALJ's RFC determination considered all of Plaintiff's impairments, and his determination will not be disturbed.

### B. *Vocational expert testimony*

Plaintiff's second argument stands or falls on whether the ALJ properly determined her RFC. She contends that because the hypothetical question posed to the VE did not include Plaintiff's non-severe manipulative and mental limitations

(carpal tunnel syndrome and major depressive disorder), the ALJ erred in his reliance on the VE's testimony to find that Plaintiff could perform her past relevant work as a hairdresser. Doc. 16 at 19-22, Doc. 23 at 3-5. Because the Court has found that substantial evidence supports the ALJ's RFC finding for the reasons discussed *supra,* and that the ALJ properly considered the entire record, including Plaintiff's non-severe limitations, in making his determination, Plaintiff's argument fails. While it is true that the hypothetical question posed to a vocational expert must include all of a claimant's limitations, *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002), the ALJ was not required to include findings in the hypothetical that he had considered and properly rejected as unsupported, as occurred here. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

### C. *Past relevant work*

Similarly, Plaintiff's final assertion, that the ALJ should have proceeded to step five of the sequential evaluation process,[6] also is without merit. The Court already has found that the ALJ properly developed Plaintiff's RFC finding and correctly determined that Plaintiff could perform her past relevant work as a hairdresser and therefore was not disabled. Only if the ALJ found that Plaintiff was unable to do any past relevant work or did not have any past relevant work would the analysis proceed to the fifth and final step. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v).

---

[6] Step five of the evaluation process is whether the claimant is able to do any other work (other than her past relevant work) considering her RFC, age, education and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

V. **Conclusion**

After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence. Accordingly, it is

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner.

3. The Clerk of Court is further directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record